1  JAIME A. LEANOS, Esq. -  SBN: 159471
   LAW OFFICES OF MORALES & LEANOS
2  75 East Santa Clara Street, Suite 250
   San Jose, CA 95113
3  Telephone:   (408) 294-6800
   Facsimile:   (408) 294-7102
4  E-mail:  jleanoslaw@pacbell.net

5  Attorneys for Plaintiff

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10

11  JOSEPH FOSHEE,                     )  **CASE NO: 5:20-cv-00132**
                                       )
12                      Plaintiff,     )  **COMPLAINT FOR DAMAGES**
                                       )
13            V.                       )  1.      Fourth Amendment—
                                       )  Excessive Force (42 U.S.C. § 1983)
14  CITY OF GILROY; ROBERT             )  2.      Municipal Liability—
15  ZUNIGA; and DOES 1-10, inclusive,  )  Unconstitutional Custom, Practice, or
                                       )  Policy (42 U.S.C. § 1983)
16                                     )  3.      Municipal Liability—Failure
17                                     )  to Train (42 U.S.C. § 1983)
                                       )
18                                     )
                                       )
19                                     )
                                       )  **(JURY  TRIAL DEMANDED)**
20  _____   )

21

22              <u>**COMPLAINT FOR DAMAGES**</u>

23        COMES NOW, Plaintiff JOSEPH FOSHEE, for his Complaint against

24  Defendants CITY OF GILROY, ROBERT ZUNIGA, And DOES 1-10, inclusive,

25  and hereby alleges as follows:

26              <u>**JURISDICTION AND VENUE**</u>

27  1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

28  1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United

States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Santa Clara, California.

## INTRODUCTION

3.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the use of excessive force against Plaintiff Joseph Foshee on May 5, 2018.

## PARTIES AND JURISDICTION

4.      At all relevant times, Plaintiff JOSEPH FOSHEE ("FOSHEE") is and was an individual residing in the County of Santa Clara, California.

5.      At all relevant times, Defendant CITY OF GILROY ("CITY") is and was a duly organized public entity existing under the laws of the State of California. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Gilroy Police Department ("GPD") and its agents and employees.

6.      At all relevant times, Defendant ROBERT ZUNIGA ("ZUNIGA") was employed by Defendant CITY.  Also at all relevant times, Defendant ZUNIGA was acting under color of law and within the course and scope of his employment as a police officer for the GPD.  Also at all relevant times, Defendant ZUNIGA was acting with the complete authority and ratification of his principal, Defendant

CITY.

7.     At all relevant times, DOES 1-5 ("DOE OFFICERS"), who are police officers working for the GPD, were employed by the CITY.  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their employment with the GPD and were also acting with the complete authority and ratification of their principal, Defendant CITY.

8.     At all relevant times, DOES 6-10 ("SUPERVISORY DOES"), who are supervisory, managerial, and policymaking employees working for the GPD, were employed by the CITY.  At all relevant times, SUPERVISORY DOES were acting under color of law within the course and scope of their duties for the GPD and were also acting with the complete authority and ratification of their principal, Defendant CITY.  On information and belief, SUPERVISORY DOES had supervisorial authority over Defendant ZUNIGA.  At all relevant times, SUPERVISORY DOES were acting under color of law within the course and scope of their duties as supervisory, managerial, and policymaking employees working for the GPD and the CITY, and were acting with the complete authority and ratification of their principal, Defendant CITY.

9.     Defendant  ZUNIGA, and DOES 1-10 are sued in their individual capacities.

10.     On information and belief, ZUNIGA, and DOES 1-10 are and were at all relevant times residents of the County of Santa Clara, California.

11.     In doing the acts and failing and omitting to act as hereinafter described, ZUNIGA, and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

12.     The true names and capacities of DOES 1-10 are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15.     On May 5, 2018, at approximately 11:30 p.m.,  on that date, at or near the 5920 Travel Park Circle, at the Shell Gas Station,  in the City of Gilroy and the County of Santa Clara, Defendant Zuniga released his police K-9 and ordered him to attack and bite Plaintiff FOSHEE, thereby using excessive force against him.

16.     The use of the K-9 was excessive and unreasonable, particularly because at the time of the release of the K-9, FOSHEE was unarmed, compliant and did not pose an immediate threat of death or serious bodily injury to any person.

17.     Plaintiff was bit multiple times by the K-9 at the direction of Defendant ZUNIGA and  caused FOSHEE serious physical injuries, humiliation, emotional and mental distress, pain and suffering, and reduced earning capacity.

## FIRST CLAIM FOR RELIEF
### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
(Against ZUNIGA)

18.     FOSHEE repeats and re-alleges each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19.     The Fourth Amendment to the United States Constitution guarantees all

persons the right to be free from unreasonable or excessive force.  42 U.S.C. § 1983 provides a private right of action for conduct that violates this right.

20.     At all relevant times, ZUNIGA acted under color of law and in the course and scope of his employment with the GPD and the CITY as set forth above.

21.     On May 5, 2018, ZUNIGA used excessive force against FOSHEE, including but not limited to releasing and ordering his police K-9 to bite Plaintiff when he was not a threat and was attempting to surrender. Zuniga allowed the  K-9 to continue to bite Plaintiff multiple times as he was on the ground, surrounded by officers, handcuffed  and defenseless.

22.     Defendant's unjustified use of the K-9 on FOSHEE violated FOSHEE'S right to be secure in his person against unreasonable or excessive force as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23.     The use of the K-9  was objectively excessive and unreasonable, especially because FOSHEE  was unarmed,  posed no immediate threat of death or serious bodily injury to any person, and was complying with the Officers' orders to surrender  at the time of the incident.  Further, Zuniga's  use of force violated his training, standard police officer training, and generally accepted law enforcement standards.

24.     ZUNIGA, and DOE OFFICERS are liable for FOSHEE'S injuries, either because they were integral participants in the use of excessive force or because they failed to intervene to prevent the violations giving rise to this lawsuit.

25.     As a direct and proximate result of the aforementioned conduct, FOSHEE suffered damages, including physical injuries, emotional and mental distress, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

26.     The conduct of  ZUNIGA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of FOSHEE, therefore warranting the

imposition of exemplary and punitive damages.

27.     FOSHEE seeks compensatory damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses. FOSHEE also seeks punitive damages, reasonable costs, and attorney's fees under 42 U.S.C. § 1988 on this claim.

## SECOND CLAIM FOR RELIEF
**Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
(Against Defendants CITY and SUPERVISORY DOES)

28.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29.     The acts of Defendant ZUNIGA deprived FOSHEE of his rights under the United States Constitution.

30.     ZUNIGA acted under color of law and within the course and scope of his employment with the GPD and the CITY as set forth above.

31.     ZUNIGA acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the CITY.

32.      On information and belief, ZUNIGA was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the K-9 attack of FOSHEE and other conduct pertaining to this incident.

33.      Defendants CITY and SUPERVISORY DOES, as policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

> (a)  Using excessive force, including unnecessary use of police canines;

> (b)  Providing inadequate training regarding the use of police canines;

> (c)  Employing and retaining as police officers and other personnel,

including  ZUNIGA, whom Defendant CITY and SUPERVISORY DOES at all times material herein, knew or reasonably should have known had dangerous propensities for abusing his authority and for mistreating citizens by failing to follow written GPD policies for using excessive force;

(d) Inadequately supervising, training, controlling, assigning and disciplining GPD officers including ZUNIGA, whom Defendants CITY and SUPERVISORY DOES each knew, or in the exercise of reasonable care, should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by GPD officers including ZUNIGA;

(f) Failing to adequately discipline GPD officers, including ZUNIGA for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which officers do not report other officers' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(h) Maintaining a policy of inaction and an attitude of indifference towards unlawful use of force by  the GPD Officers, including by failing to discipline, retrain, investigate, terminate, and recommend

officers for criminal prosecution who participate in unreasonable and excessive use of force against people; and

(i)   Covering up police misconduct.

34.   These customs and practices by CITY and SUPERVISORY DOES were condoned by said Defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff FOSHEE.

35.   Defendants CITY and SUPERVISORY DOES together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and, through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and to the constitutional rights of FOSHEE, and other individuals similarly situated.

36.   By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and SUPERVISORY DOES acted with an intentional, reckless, callous disregard for the well-being of FOSHEE and his constitutional as well as human rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and SUPERVISORY DOES were affirmatively linked to and were a significantly influential force behind the unlawful use of the police dog on FOSHEE.

37.   As a direct and proximate result of the aforementioned unconstitutional policies and customs, FOSHEE suffered physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

38.   Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to FOSHEE for compensatory damages under 42 U.S.C. § 1983. The conduct of

Defendants SUPERVISORY DOES was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of FOSHEE and therefore warrants the imposition of exemplary and punitive damages as to SUPERVISORY DOES.

39.     FOSHEE brings this claim against CITY and SUPERVISORY DOES. FOSHEE seeks damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.  FOSHEE also seeks punitive damages against SUPERVISORY DOES, reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

**THIRD CLAIM FOR RELIEF**
**Municipal Liability—Failure to Train (42 U.S.C. § 1983)**
**(Against CITY and SUPERVISORY DOES)**

40.     FOSHEE repeats and re-alleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     The acts of Defendant ZUNIGA deprived FOSHEE of his particular rights under the United States Constitution.

42.     Defendants ZUNIGA acted under color of law.

43.     On information and belief, Defendants CITY and SUPERVISORY DOES failed to properly and adequately train ZUNIGA, including but not limited to, with regard to the use of his police K-9.

44.     The training policies of Defendants CITY and SUPERVISORY DOES were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of less than lethal, the use of K-9s  and lethal force.

45.    Defendants CITY and SUPERVISORY DOES were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

46.    The failure of Defendants CITY and SUPERVISORY DOES to provide adequate training caused the deprivation of FOSHEE'S  rights by Defendant ZUNIGA; that is, Defendants' failure to train is so closely related to the deprivation of FOSHEE'S  rights as to be the moving force that caused the ultimate injury.

47.     As a direct and proximate result of the aforementioned conduct, FOSHEE suffered physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

48.    Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to FOSHEE for compensatory damages under 42 U.S.C. § 1983.  The conduct of SUPERVISORY DOES was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of FOSHEE, and therefore warrants the imposition of exemplary and punitive damages as to SUPERVISORY DOES.

49.   FOSHEE seeks damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.  FOSHEE also seeks punitive damages as to SUPERVISORY DOES and reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOSEPH FOSHEE requests entry of judgment in his favor and against Defendants City of GILROY, ROBERT ZUNIGA, and Does 1-10, inclusive, as follows:

A.   For compensatory damages, which include pain and suffering, and loss of enjoyment of life according to proof at trial;

B.   For punitive damages against the individual defendants in an amount to be proven at trial;

C.   For statutory damages;

D.   For interest;

E.   For reasonable attorneys' fees, including litigation expenses;

F.   For costs of suit; and

G.   For such further other relief as the Court may deem just, proper, and appropriate.

## **JURY DEMANDED**

Plaintiff hereby demands trial by Jury on all issues.

Dated:  January 6, 2020   LAW OFFICES OF MORALES & LEAÑOS

By: /s/ Jaime A. Leaños

Jaime A. Leaños
Attorneys for Plaintiff