UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH FOSHEE,<br><br>   Plaintiff,<br><br> v.<br><br>ROBERT ZUNIGA,<br><br>   Defendant. | Case No.  20-cv-00132-VKD<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 31-36, 38-43 |

The Court held a pretrial conference in this matter on April 28, 2021. Dkt. No. 68. This order resolves the parties' motions in limine. Dkt. Nos. 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43. The Court will issue separate orders regarding the parties' proposed jury instructions (Dkt. No. 49) and other matters discussed during the pretrial conference. *See* Dkt. Nos. 69, 70.

**I.  MOTIONS IN LIMINE**

 **A.  Mr. Foshee's Motion in Limine No. 1 (Criminal History and Police Contacts)**

 Mr. Foshee moves to exclude any evidence or argument that refers to his criminal history and prior contacts with the police. Dkt. No. 38. Officer Zuniga states that he will not offer evidence regarding specific details of Mr. Foshee's criminal history or prior police contacts, but he does intend to ask Mr. Foshee generally about the fact of his prior arrests and contacts with law enforcement. Dkt. No. 52. This motion is granted, subject to appropriate cross-examination if Mr. Foshee opens the door to such evidence as discussed below.

 Where there is a dispute regarding what an officer perceived just prior to the use of force, evidence that tends to make one party's version of events more or less probable is relevant. *Boyd v. City and Cty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009). Here, Officer Zuniga has

not demonstrated that Mr. Foshee's alleged conduct in prior arrests and contacts with law enforcement support Officer Zuniga's version of events. Mr. Foshee's alleged noncompliance with officers' instructions is not made more probable by evidence that he had prior, dissimilar encounters with police or arrests on unrelated matters. Moreover, there is no indication that at the time of the incident Officer Zuniga or any other officers present at the scene of the incident were aware of Mr. Foshee's criminal history or prior contacts with law enforcement, or that such information informed Officer Zuniga's behavior. Additionally, there is no argument that any of the prior incidents and contacts in question are admissible under Federal Rule of Evidence 609, or that any of the prior incidents are analogous to the events that form the basis of the present lawsuit. Such evidence could potentially mislead and distract jurors by causing them to focus on matters other than the facts and circumstances confronting Officer Zuniga at the time of the incident. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Glenn v. Washington Cty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware. . . ."); Fed. R. Evid. 401, 402, 403. For these reasons, evidence of Mr. Foshee's criminal history and prior contacts with law enforcement will be excluded as irrelevant and unfairly prejudicial.

However, if Mr. Foshee offers testimony or evidence portraying himself as naïve and unsophisticated in the presence of law enforcement, or otherwise suggesting that the May 5, 2018 incident was his first encounter with the police, the Court will permit limited cross-examination regarding Mr. Foshee's prior arrests and police encounters, i.e., Officer Zuniga may ask Mr. Foshee about the number of such arrests or encounters he has had within the past 10 years. If Mr. Foshee denies or evades such matters, the Court may allow more probing cross-examination. Testimony that Mr. Foshee was frightened or confused during the May 5, 2018 incident because of the presence of a police canine, the fact that guns were drawn, or for some reason other than a claimed lack of experience with law enforcement, is not sufficient to open the door to such cross-examination.

**B.      Mr. Foshee's Motion in Limine No. 2 (Prior Drug Use and Toxicology Report)**

Mr. Foshee moves to exclude any evidence or argument regarding his prior drug use, as well as any drug evidence and the toxicology report obtained in the present matter. Dkt. No. 39. At the pretrial conference, Mr. Foshee clarified that he seeks to exclude all evidence of his history of drug use, as well as any evidence of drug use on the May 5, 2018 date of the incident. This motion is granted.

Officer Zuniga does not oppose the motion with respect to evidence of Mr. Foshee's prior history of drug use. The Court agrees that all such evidence should be excluded. Fed. R. Evid. 401, 402, 403.

Officer Zuniga opposes the motion with respect to the toxicology report showing that Mr. Foshee tested presumptively positive for having methamphetamine in his system on the date of the incident. Officer Zuniga argues that such evidence is relevant to show that during the encounter with law enforcement, Mr. Foshee was noncompliant with officers' instructions and behaved bizarrely because he was under the influence of methamphetamine. The Court agrees with Officer Zuniga that evidence of drug use on the day of the incident would be relevant if Officer Zuniga can establish a connection between the drug use and Mr. Foshee's behavior or his ability to testify accurately about what happened during the incident, i.e., evidence of (1) a link between methamphetamine use and behavior, judgment, or memory; and (2) sufficient levels of methamphetamine in Mr. Foshee's system to impact his behavior, judgment, or memory. *See Boyd*, 576 F.3d at 949 (affirming admission of evidence of drug use as probative of alleged erratic behavior); *but see Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [officers] were aware when they employed deadly force. . . . [W]hen analyzing the objective reasonableness of the officers' conduct under *Graham*, we cannot consider the fact that [the decedent] was intoxicated or that he had previously used a knife in harming himself.") (internal citations omitted). However, Officer Zuniga has no such evidence; rather, he suggests that the jury should be permitted to speculate that Mr. Foshee's behavior was impacted by drug use based merely on the presumptive positive test for methamphetamine and Mr. Foshee's acknowledgment that he took methamphetamine within 24

hours of his encounter with police.[1]  The Court is not persuaded that a lay jury may reasonably so conclude without the benefit of additional evidence regarding the significance of a "presumptive positive" test or of Mr. Foshee's methamphetamine use more than 12 hours earlier.  Accordingly, Mr. Foshee's motion to exclude evidence of drug use, including the toxicology report and any references to drug use in subsequent hospital records, is granted.

The Court will allow evidence that the reporting witness who called 911 stated that Mr. Foshee appeared to be on medication, as there appears to be no dispute that such information was made known to the officers on the scene, including Officer Zuniga.  None of the officers may offer opinions regarding whether Mr. Foshee was under the influence of drugs on the day of the incident, but may testify only regarding their perceptions and observations of Mr. Foshee during the May 5, 2018 incident.

### C. Mr. Foshee's Motion in Limine No. 3 (Drugs Found Post-Arrest)

Mr. Foshee moves to exclude any evidence or reference to drugs found in his wallet after his arrest on the ground that the evidence is not relevant and is unfairly prejudicial.[2]  Dkt. No. 40.  The motion is granted.

Officer Zuniga argues that the post-arrest discovery of drugs in Mr. Foshee's wallet supports officers' testimony about Mr. Foshee's behavior during the incident.  For the reasons discussed above, absent any evidence linking methamphetamine use to Mr. Foshee's alleged behavior, Officer Zuniga has not demonstrated that the presence of methamphetamine in Mr. Foshee's wallet makes it more probable that he was under the influence of drugs at the time of the incident and that this affected his behavior.

More persuasive, however, is Officer Zuniga's argument that the drugs found in Mr. Foshee's wallet suggest that during the encounter Mr. Foshee was attempting to avoid arrest due to drug possession, which tends to corroborate Officer Zuniga's assertion that Mr. Foshee was

---

[1] Mr. Foshee denies that he was still high at the time of the incident which occurred on the night of May 5, 2018.  *See* Dkt. No. 58 at ECF 31 (Foshee Depo. at 62:1-9, 13-14, 18-21).

[2] In this motion, Mr. Foshee reiterates his request to exclude the toxicology report, which is addressed in his Motion in Limine No. 2 above.

4

making furtive movements in his vehicle, perhaps to conceal the drugs from discovery. *See Graham*, 490 U.S. at 399 n.12 (indicating that a factfinder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force"); *Boyd*, 576 F.3d at 944 ("where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible."). Mr. Foshee argues that the jury need only review the videos from officers' body and dashboard cameras to determine whether or not Mr. Foshee's movements were indeed "furtive" or otherwise noncompliant with officers' instructions, and he argues that whatever probative value post-arrest evidence of drugs may have is outweighed by its prejudicial effect.

The Court has reviewed the body camera video of the incident and finds it somewhat difficult to see what is occurring before Mr. Foshee steps out of his vehicle. The same difficulties are not present during the period just prior to Officer Zuniga's deployment of the canine. The video clearly shows that Mr. Foshee is out of his vehicle and then on the roof of his vehicle, and obviously not making any movements *within* the vehicle at that time. The Court acknowledges that, given the evidence from the reporting witness, Officer Zuniga believed Mr. Foshee was armed. However, the presence of drugs in Mr. Foshee's wallet does not make more probable officers' belief that he had a gun or his alleged noncompliance with officers' instructions once he was out of the vehicle. Moreover, it is undisputed that Officer Zuniga did not know Mr. Foshee had drugs in his wallet, nor did officers suspect that he had drugs concealed in his vehicle. The Court is not persuaded that evidence tending to explain Mr. Foshee's movements inside the vehicle, well before deployment of the canine, is of sufficient probative value to outweigh the prejudicial effect of this evidence. Fed. R. Evid. 403.

**D.     Mr. Foshee's Motion in Limine No. 4 (Post-Arrest Interview Evidence)**

Mr. Foshee moves to exclude all evidence of, or reference to, his post-arrest interview by police officers at the hospital. Dkt. No. 41. This motion is granted.[3]

---

[3] On May 12, 2021, Officer Zuniga submitted a supplemental brief in opposition to this motion. Dkt. No. 72. This supplemental filing was made without leave of court and is not one of the matters on which the Court ordered further briefing from the parties. *See* Dkt. No. 69. The Court nonetheless has considered the arguments in Officer Zuniga's unauthorized filing, but finds that he

Officer Zuniga argues that the evidence in question is probative of officers' assertions that Mr. Foshee's behavior during the incident was bizarre and is also relevant to impeach Mr. Foshee's assertion that he was not under the influence of drugs at the time of the incident. For the reasons discussed above, absent any evidence linking methamphetamine use to Mr. Foshee's alleged behavior, Mr. Foshee's motion to exclude this evidence is granted. Fed. R. Evid. 401, 402, 403. Additionally, insofar as Officer Zuniga claims that the post-arrest interviews demonstrate that Mr. Foshee's behavior, judgment, or memory were affected by drugs, Officer Zuniga has not persuasively demonstrated that Mr. Foshee's statements during the interviews properly are deemed admissions of a party opponent that may be used for purposes of impeachment to attack Mr. Foshee's credibility. *See* Dkt. No. 55 at 7.

Officer Zuniga argues that Mr. Foshee made a "key admission" in the following exchange which occurred while Mr. Foshee was being treated at the hospital after the incident:

> OFFICER ROBERT ZUNIGA: If you were to listen, the dog wouldn't have been deployed. Do you understand that, Mr. Foshee?
>
> JOSEPH FOSHEE: I believe this may be true.

Dkt. No. 58 at ECF 50. This exchange cannot plausibly be construed as Mr. Foshee's agreement with Officer Zuniga that Mr. Foshee failed to "listen" and that such failure justified deployment of the canine to bite him. To the extent that Officer Zuniga seeks to admit the post-arrest interview to show that Mr. Foshee's behavior, judgment, or memory were impaired on the night in question, Officer Zuniga has not demonstrated that any statements Mr. Foshee made during the interview were knowingly or voluntarily made. In any event, whether Officer Zuniga's conduct was "objectively reasonable" must be considered under the circumstances existing at the time of the incident from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396. Mr. Foshee's agreement or disagreement with Officer Zuniga's assertion about circumstances in which the officer *would not have deployed* the canine is irrelevant to any fact of consequence to the action.

---

has not persuasively demonstrated that the evidence at issue should be admitted.

6

1    To the extent Officer Zuniga contends that evidence showing Mr. Foshee behaving in a
2    "bizarre" manner after the incident is probative that he was behaving in a "bizarre" manner during
3    the incident, Officer Zuniga offers no plausible justification for why this is so, apart from his
4    thesis that Mr. Foshee was under the influence of drugs (which the Court has already rejected as
5    insufficiently supported). *Cf. Crawford v. City of Bakersfield,* 944 F.3d 1070, 1080 (9th Cir.
6    2019) (finding that evidence suggesting that decedent "was *in fact* mentally ill could have
7    provided the missing link to establish that a reasonable officer in [defendant]'s position would
8    have realized that [decedent] was mentally ill.") (emphasis added) (internal quotations and citation
9    omitted).[4] In any event, the post-arrest interviews are prejudicial to Mr. Foshee, and that prejudice
10   outweighs whatever marginal probative value they might have. Fed. R. Evid. 401, 402, 403.[5]

**E.     Mr. Foshee's Motion in Limine No. 5 (Cal. Welf. & Inst. Code § 5150 Incident)**

Mr. Foshee moves to exclude all evidence of, and reference to, an incident that occurred on May 9, 2018, resulting in his detention pursuant to California Welfare & Institutions Code § 5150. Dkt. No. 42. Officer Zuniga opposes the motion on the ground that evidence of the May 9 incident is relevant to the issue of damages. Subject to the parties' further submissions and any court order(s) regarding Rosemarie Foshee's testimony (see Dkt. No. 69), this motion is granted in part and denied in part as follows: Evidence concerning the May 9 incident is not admissible for purposes of Officer Zuniga's defense to liability. Additionally, the Court will prohibit any reference to the fact that Mr. Foshee was placed under a § 5150 psychiatric hold as a result of the May 9 incident. However, the Court will allow evidence relating to the May 9 incident as relevant to damages, i.e., evidence suggesting that Mr. Foshee engaged in behaviors or conduct that may

---

[4] In *Crawford*, plaintiff argued that the decedent was exhibiting signs of mental illness which should have been apparent, and for that reason, the officer who shot him acted unreasonably. *Crawford*, 944 F.3d at 1078 ("[O]ur precedent establishes that if officers believe a suspect is mentally ill, they should make a greater effort to take control of the situation through less intrusive means.") (internal quotations omitted). Here, no one contends that Officer Zuniga should have known Mr. Foshee was under the influence of drugs or treated him differently because he was.

[5] Officer Zuniga argues that Mr. Foshee's deposition testimony regarding the interviews may nonetheless be used for "any purpose" pursuant to Fed. R. Civ. P. 30(a)(3). However, that does not mean that any deposition testimony necessarily is admissible under the Rules of Evidence. Officer Zuniga's cited authority is not to the contrary.

7

have worsened his injuries, or that his claimed damages may be attributed to matters other than the injuries he sustained during the May 5, 2018 incident involving Officer Zuniga.

### F. Mr. Foshee's Motion in Limine No. 6 (Brad Smith Testimony)

Mr. Foshee moves to exclude the proposed testimony of Brad Smith, who is identified as Officer Zuniga's expert on police practices. Dkt. No. 43. Mr. Foshee's principal objection is that Mr. Smith relies on and proposes to testify about purported facts that are inconsistent with the evidence, or that merely reflect his interpretation of disputed facts. *Id.* at 3-9. In addition, Mr. Foshee objects to Mr. Smith's proposed testimony regarding matters that are not at issue in the case or not within his area of expertise. *Id.* at 9-10. This motion is granted in part and denied in part as explained below.

*First*, Mr. Smith's opinions must be limited to matters relevant to the issues remaining in the case. Because the question of probable cause to arrest Mr. Foshee is not at issue, Mr. Smith may not express any opinions on that question. Likewise, because Mr. Foshee no longer asserts a *Monell*[6] claim against the City of Gilroy, Mr. Smith may not express any opinions regarding whether the City's policies were or were not unconstitutional. Mr. Smith must limit his testimony to matters relevant to whether Officer Zuniga used excessive force in deploying a canine to bite Mr. Foshee. These opinions may include (to the extent they are disclosed in Mr. Smith's expert report): (1) the standards that govern the use of canines in the circumstances presented in this case, and (2) whether Officer Zuniga's deployment of Scotty was consistent or inconsistent with the applicable standards. It may also be appropriate for Mr. Smith to provide an opinion regarding whether the City of Gilroy's policies at the time were consistent with applicable standards, but only as such policies may bear on the particular conduct at issue, and not for purposes of addressing the City's liability or lack thereof, as the *Monell* claim has been dismissed.

*Second*, Mr. Smith's opinions must be limited to matters within his domain of expertise. Fed. R. Evid. 702 (witness must be "qualified as an expert by knowledge, skill, experience, training, or education"). Mr. Smith's expert report indicates that his qualifications are in the area

---

[6] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

8

of canine training and deployment for law enforcement purposes; he does not have medical training. Dkt. No. 43-1. Accordingly, he may not give opinions on the nature or seriousness of Mr. Foshee's injuries, or the timeliness of the medical attention he received.

*Third,* Mr. Foshee's objections to Mr. Smith's proposed testimony regarding whether deployment of canines by police as a general matter is "reasonable" force and not "deadly" force raises more difficult questions. Expert testimony that concerns an ultimate issue for the jury to decide is not per se improper. Fed. R. Evid. 704(a); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). However, an expert may not give an opinion that amounts to a legal conclusion or testify regarding what the law requires. *Hangarter*, 373 F.3d at 1016. Here, Mr. Smith (and any other expert) must avoid using specialized legal terms, such as "excessive force" in testifying about the events in this case, so as not to suggest to the jury the conclusion they should reach on Mr. Foshee's claim. If Mr. Smith proposes to testify that use of a canine is always "reasonable" force, and therefore cannot be deemed "excessive" force, the Court will not permit this testimony. If Mr. Smith instead proposes to testify that, according to accepted police practice and procedure, deployment of a canine generally is considered to be less-lethal or non-lethal force, he may do so, as long as that opinion is properly disclosed in his expert report.

*Fourth*, Mr. Smith may not testify regarding his view or assessment of what actually occurred. Mr. Foshee identifies eight statements from Mr. Smith's expert report that Mr. Foshee says are either misstatements of fact, speculation about the facts, or Mr. Smith's own interpretation of the facts. The Court agrees with Mr. Foshee. Mr. Smith has no personal knowledge of the facts. As an expert, he may testify only as permitted by Rule 702 of the Federal Rules of Evidence—namely, regarding matters as to which he has specialized knowledge, skill, experience, training, or education, and as to which his testimony may assist the jury. The jury does not need assistance in making findings as to what actually happened. More to the point, Mr. Smith's proposed statements are at best merely his interpretation of evidence that may be introduced at trial and at worst entirely misleading characterizations of that evidence. "The retained witness, of course, has no personal knowledge of what really occurred and should never be allowed to pretend to divine for the jury the truth of what actually occurred or what the mental

state of an actor was." *S.E.C. v. Daifotis*, No. C 11-00137 WHA, 2012 WL 2051193, at *2 (N.D. Cal. June 7, 2012) (granting in part motion to exclude expert testimony); *see also Briscoe v. City of Seattle*, 483 F. Supp. 3d 999 at 1015 n.15 (W.D. Wash. 2020) (expert testimony that "merely comment[s] on the evidence" is not admissible). Mr. Smith may not testify to any of the eight statements. Nor may he testify generally to his view of what happened or suggest that one interpretation of the evidence is more credible than another.

As noted above, the Court will permit Mr. Smith to testify regarding (1) the standards that govern the use of canines in the circumstances presented in this case, and (2) whether Officer Zuniga's deployment of Scotty was consistent or inconsistent with the applicable standards, to the extent those matters are disclosed in Mr. Smith's expert report. Ordinarily, an expert witness may explain the factual bases for his conclusions. However, the Court will not permit Mr. Smith to testify in a manner that conflicts with the Court's conclusion above that an expert witness may not testify as to his view of what happened. Mr. Smith's expert report appears to contain a number of statements, beyond the eight identified by Mr. Foshee, that purport to tell the jury what happened. If Officer Zuniga intends to call Mr. Smith to express an opinion on whether the deployment was consistent or inconsistent with standards, the Court requires clarification regarding how such testimony will be delivered. Officer Zuniga may make a supplemental submission addressing this issue by **May 25, 2021**. The submission may not exceed three pages, but may attach an annotated version of Mr. Smith's expert report indicating the portions reflecting testimony Officer Zuniga believes comply with the Court's ruling. The Court will address the matter further during the proceeding set for **June 1, 2021**.

**G.     Officer Zuniga's Motion in Limine No. 1 (Personnel and Other Matters)**

Officer Zuniga moves to exclude his personnel and background information, as well as evidence of unrelated incidents, other canine contacts, citizen's complaints, lawsuits and other internal affairs investigations involving him. Dkt. No. 31. Mr. Foshee says he does not intend to affirmatively offer such evidence, but he reserves the right to do so for impeachment or rebuttal purposes if Officer Zuniga should open the door to such evidence at trial. The motion is granted except to the extent any witness provides specific testimony that may be impeached by specific

1  evidence, as discussed at the pretrial conference.

2    **H.**  **Officer Zuniga's Motion in Limine No. 2 (Other Reports of Use of Force)**

3    Officer Zuniga moves to exclude all evidence of or reference to national or local media and other reports of police use of excessive or deadly force. Dkt. No. 32. Officer Zuniga seeks to exclude all such evidence or references at trial and during voir dire. The motion is granted in part and denied in part.

  As a general matter, the Court excludes evidence of and references to other specific incidents of police use of excessive or deadly force unrelated to the events at issue in this case as irrelevant and potentially prejudicial. However, the Court will permit limited questioning of prospective jurors during voir dire regarding whether and how their exposure to information, including media reports, of other officer-involved incidents does or does not impact their ability to be fair and impartial in this case. In addition, the Court will permit limited testimony regarding other matters in which the parties' respective police procedures experts have offered opinions for the purpose of establishing the experts' qualifications and experience. Finally, the Court will afford counsel for both sides some flexibility during closing argument to refer generally to matters of common knowledge not in evidence, so long as those references are consistent with Ninth Circuit guidance that limits such argument to matters that are not unfairly inflammatory or likely to confuse the jury. *See Tenorio v. United States,* 390 F.2d 96, 99 (9th Cir.), *cert. denied,* 393 U.S. 874 (1968) ("Counsel are entitled to a reasonable degree of latitude in the presentation of argument, and the prosecutor's comment concerning 'the destruction and the human waste which arises from the use of heroin' contained nothing more than that which is within the common knowledge of all reasonable people."); *see also United States v. Candelaria*, 704 F.2d 1129, 1132 (9th Cir. 1983) (permitting prosecution to respond to defense argument that defendant's alleged threat was a joke, by arguing "in this day [and] age when people are subjected to threats, to bombs in airplanes . . . . [T]his is an age when you don't joke about things like that").

  **I.**  **Officer Zuniga's Motion in Limine No. 3 (Unarmed)**

  Officer Zuniga moves to exclude any evidence of or reference to the fact that after Mr. Foshee's arrest, no gun was found either on his person or in his vehicle. Officer Zuniga's motion

11

applies to any questions eliciting answers regarding the fact that Mr. Foshee was found to be unarmed after the incident. Dkt. No. 33. This motion is granted, as explained below.

In this case, the reporting witness who called 911 said he saw a firearm, and it is undisputed that officers on the scene, including Officer Zuniga, knew of a report of a firearm. Apart from the reporting witness, however, no one claims to have seen Mr. Foshee with a firearm at the scene. Thus, evidence regarding whether a gun was later found is not relevant to whether Officer Zuniga reasonably believed that Mr. Foshee had a gun during the incident. *Graham*, 490 U.S. at 396 (the "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Glenn*, 673 F.3d at 873 n.8 ("We cannot consider evidence of which the officers were unaware. . . .").

The Court will permit evidence that the reporting witness said he saw Mr. Foshee with a gun. Additionally, witnesses, including Officer Zuniga and the other officers, may be asked whether or not they saw Mr. Foshee with a gun during the incident. Mr. Foshee may testify regarding what he told officers during the incident about whether or not he had a gun. If any of the officers claims to have seen Mr. Foshee with a gun or suggests that he behaved in a manner that suggested to the officers that he had a gun, the Court will permit Mr. Foshee to rebut that testimony fully.

In presenting evidence on direct or cross-examination, Officer Zuniga must take care not to create an impression in the minds of the jury that Mr. Foshee was armed. If the Court believes that such an impression has been created, the Court will consider instructing the jury that no gun was found in Mr. Foshee's vehicle or on his person.

**J.   Officer Zuniga's Motion in Limine No. 4 (Medical Bills)**

Officer Zuniga moves to exclude evidence of or reference to, including during voir dire, any medical bills. Dkt. No. 34. Mr. Foshee does not intend to offer any such evidence, except to the extent that such evidence may become relevant for purposes of impeachment or rebuttal. Dkt. No. 63. The motion is granted except to the extent any witness provides specific testimony that may be impeached by specific evidence, as discussed at the pretrial conference.

12

**K.     Officer Zuniga's Motion in Limine No. 5 (Critique re Detention and Arrest)**

Officer Zuniga moves to exclude evidence of or references to whether legal justification existed for Mr. Foshee's detention and arrest. Dkt. No. 35. He also requests that the Court instruct the jury that Mr. Foshee lawfully was detained and arrested or that the jury is not to consider this issue. Mr. Foshee says he does not intend to introduce any such evidence because the lawfulness or not of his detention or arrest are not at issue. He thus appears to agree that all evidence bearing on the lawfulness of the detention or arrest should be excluded. Dkt. No. 64. The motion is granted as follows: The Court will not permit evidence, including through expert testimony, regarding whether Mr. Foshee's detention and arrest were legally justified. The Court therefore declines to give the jury instruction Officer Zuniga requests at page 5 of his motion or in his proposed jury instructions (Dkt. No. 49) on this issue. As discussed at the pretrial conference, the parties shall confer and attempt to agree on a jury instruction or an undisputed statement that informs the jury that the lawfulness of Mr. Foshee's detention and arrest is not an issue that they need to consider. The parties shall submit their proposed instruction or proposed statement of undisputed fact to the Court by **May 25, 2021**.

**L.     Officer Zuniga's Motion in Limine No. 6 (Scott DeFoe Testimony)**

Officer Zuniga moves to exclude the proposed testimony of Mr. Foshee's expert Scott DeFoe. Dkt. No. 36. The motion is granted in part and denied in part.

*First*, Officer Zuniga argues that Mr. DeFoe should not be permitted to give opinions regarding Mr. Foshee's *Monell* claims, which have been dismissed. Mr. Foshee states that he does not anticipate that Mr. DeFoe will offer such opinions. Dkt. No. 67 at 2 n.1. The motion is granted on this point.

*Second*, Officer Zuniga argues that Mr. DeFoe should be precluded from testifying about any opinions not disclosed in his Rule 26 expert report. Mr. Foshee responds that Mr. DeFoe should be permitted to testify at trial to opinions expressed either in his Rule 26 expert report or at his deposition. Dkt. No. 67. Officer Zuniga does not identify any particular opinions that Mr. DeFoe proposes to give but which Officer Zuniga believes were not adequately disclosed.

Rule 26(a)(2) requires a party to disclose the identity of any person it intends to call as an

expert witness and to provide "a written report—prepared and signed by the witness . . . contain[ing] a complete statement of all opinions the witness will express and the basis and the reasons for them." Fed. R. Civ. P. 26(a)(2). A party that "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212-14 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). A party may not cure a failure to disclose an expert opinion in a written report by supplementing the expert's disclosure with later deposition testimony. *See Ciomber v. Coop. Plus, Inc.,* 527 F.3d 635, 642 (7th Cir. 2008); *Garrison v. New Fashion Pork LLP*, No. 18-CV-3073-CJW-MAR, 2020 WL 1318806, at *5 (N.D. Iowa Jan. 23, 2020); *Scholl v. Pateder*, No. 1:09-CV-02959-PAB, 2011 WL 3684779, at *4 (D. Colo. Aug. 22, 2011).

Accordingly, Mr. DeFoe may not testify to opinions not disclosed in his written expert report, unless *Officer Zuniga* solicited those opinions from him in his deposition. Mr. DeFoe may not testify to opinions he volunteered or that were solicited by *Mr. Foshee* in his deposition.

*Third*, Officer Zuniga argues that Mr. DeFoe should not be permitted to offer opinions critical of the conduct of other officers at the scene besides Officer Zuniga. Mr. Foshee responds that in evaluating Officer Zuniga's conduct it is appropriate for Mr. DeFoe to consider the totality of the circumstances, including the actions of other officers at the scene. The Court agrees with Mr. Foshee that the totality of the circumstances that existed when Officer Zuniga decided to deploy the canine is relevant, and that such testimony need not be excluded merely because Officer Zuniga is the sole defendant in the case. The motion is denied on this point.

*Fourth,* Officer Zuniga argues that Mr. DeFoe should not be permitted to give an opinion about whether Officer Zuniga failed to comply with P.O.S.T standards because such standards are not coextensive with the Fourth Amendment's "reasonableness" standard. While Office Zuniga is correct that compliance or noncompliance with applicable standards does not dispose of the question of liability, what the standards require and how Officer Zuniga's conduct compares to recognized standards for deployment of canines is relevant to the issues the jury will need to

decide. Certainly, such standards inform how a reasonable officer might be expected to act in the circumstances presented. Officer Zuniga's other objections to Mr. DeFoe's testimony concerning applicable standards go to the weight of Mr. DeFoe's testimony, not its admissibility. The motion is denied on this point.

*Fifth*, Officer Zuniga objects that Mr. DeFoe mischaracterizes the evidence and attempts to give opinions on facts the jury must find. As discussed above, an expert may not testify regarding his view of what happened or suggest that one interpretation of the evidence is more credible than another. The Court has considered the examples from Mr. DeFoe's expert report that Officer Zuniga highlights in his motion. None of these examples improperly makes findings of facts or purports to tell the jury what occurred. The motion is denied on this point.

*Sixth*, Officer Zuniga objects that Mr. DeFoe proposes to testify about matters outside his specialized knowledge or expertise. As discussed above, expert testimony is limited to matters within the expert's domain of expertise. Fed. R. Evid. 702. Mr. DeFoe does not claim to have relevant medical training. Accordingly, he may not give opinions on the nature or seriousness of Mr. Foshee's injuries. The motion is granted on this point.

**IT IS SO ORDERED.**

Dated: May 14, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

15