UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH FOSHEE,

        Plaintiff,

   v.

ROBERT ZUNIGA,

        Defendant.

Case No. 20-cv-00132-VKD

**PRETRIAL ORDER NO. 3**

This order addresses certain issues discussed at the Pretrial Conference for which the Court permitted further briefing and submissions. The Court orders as follows:

**1.    Witnesses**

The presentation of evidence from witnesses will occur in the usual manner. Plaintiff will call witnesses for his case-in-chief; defendant may cross-examine the witnesses, but the cross-examination may not exceed the scope of the direct examination; and the Court may permit re-direct/re-cross as warranted. The same procedure will govern presentation of defendant's case-in-chief. After each witness testifies, the Court will ask whether the witness may be excused or whether the witness remains subject to being called later in the case, and the parties should be prepared to respond to that question for each witness.

<u>Scotty</u>: The police dog may not be brought into the courtroom for any purpose.

<u>Rosemarie Foshee</u>: Both parties list Ms. Foshee as a witness who will be called at trial. No party objects to Ms. Foshee's proposed testimony concerning her knowledge of the injuries Mr. Foshee suffered as a result of the encounter with Officer Zuniga on May 5, 2018 or to the existence of a telephone conversation she had with Mr. Foshee during his encounter with police on

that date. *See* Dkt. No. 73 at 5. In the order resolving motions in limine, the Court ordered as follows:

> Evidence concerning the May 9 incident is not admissible for purposes of Officer Zuniga's defense to liability. Additionally, the Court will prohibit any reference to the fact that Mr. Foshee was placed under a § 5150 psychiatric hold as a result of the May 9 incident. However, the Court will allow evidence relating to the May 9 incident as relevant to damages, i.e., *evidence suggesting that Mr. Foshee engaged in behaviors or conduct that may have worsened his injuries, or that his claimed damages may be attributed to matters other than the injuries he sustained during the May 5, 2018 incident involving Officer Zuniga.*

Dkt. No. 75 at 7-8 (emphasis added).

Mr. Foshee concedes that Officer Zuniga disclosed Ms. Foshee as a potential witness regarding "[p]laintiff's claimed injuries, and/or damages in this action." Dkt. No. 73 at 5; Dkt. No. 76 at 3. It appears that Mr. Foshee did not seek further discovery regarding Ms. Foshee's testimony in view of this disclosure. Mr. Foshee's failure to take discovery of Ms. Foshee is not a good reason to exclude her testimony with respect to Mr. Foshee's damages claim. The Court overrules Mr. Foshee's objection to Ms. Foshee's testimony on the ground that Officer Zuniga did not disclose her as a witness with testimony relevant to damages.

Mr. Foshee also objects that Ms. Foshee's testimony will be unfairly prejudicial to him because it is likely to include evidence that Mr. Foshee behaved in a manner that suggested he suffered from mental health issues unrelated to his encounter with Officer Zuniga. Dkt. No. 73 at 6. Given Mr. Foshee's allegations of injury and damages, Officer Zuniga contends that he will be unfairly prejudiced if evidence of Mr. Foshee's independent and unrelated mental health problems is *not* admitted to rebut testimony about how the encounter with Officer Zuniga harmed Mr. Foshee. The Court is unable to determine whether Ms. Foshee's testimony will be unfairly prejudicial in advance of hearing Mr. Foshee's presentation at trial. If appropriate, the Court may consider an offer of proof regarding Ms. Foshee's testimony out of the presence of the jury.

### 2. Qualified Immunity

Officer Zuniga asserted an affirmative defense of qualified in immunity in his answer, but he did not move for dismissal or summary judgment based on this defense. *See* Dkt. No. 11 at 6. Mr. Foshee identifies no authority to support his argument that Officer Zuniga waived his right to

claim qualified immunity. Dkt. no. 73 at 2. Instead, Mr. Foshee submits belated objections to Officer Zuniga's proposed special verdict form. *Id.* at 3-5. The Court will address the parties' respective proposals for the form of verdict when it addresses jury instructions.

**IT IS SO ORDERED.**

Dated: May 18, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge